UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CEASER REYES,
            Plaintiff,

v.

SGT. CAMARILLO, et al.,
            Defendants.

Case No. 23-cv-01014-DMR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Self-represented Plaintiff Ceaser Reyes, who is currently housed at the Sierra Conservation Center, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that officers of the San Jose Police Department ("SJPD") used excessive force during his arrest on May 23, 2020. Dkt. 1. The complaint does not indicate whether Plaintiff has been convicted of the charges for which he was arrested, nor does it allege that any such conviction was subsequently invalidated. *See id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 3.

This matter has been assigned to the undersigned Magistrate Judge. Dkt. 8. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order. Dkt. 6.

Venue is proper because the events giving rise to Plaintiff's claims are alleged to have occurred in Santa Clara County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff names the following SJPD officers: Sergeants Camarillo, Sgt. Vizzusi, and Tassio; and Officers Minten, Jize, Avila, Simonini, Weidner, Marshall, Rodriguez, Pfiefer, Moran, Chavez, Preuss, and Khoo. Dkt. 1 at 1-3.[1]

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

The court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under section 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet

the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Legal Claims

#### 1. Claims Relating to Arrest

According to the allegations in the complaint, fifteen SJPD officers used excessive force against Plaintiff when they arrested him on May 23, 2020. Dkt. 1 at 2-4. Specifically, Plaintiff claims that on the night of May 23, 2020, "members of the [SJPD] arrest team, dressed in tactical SWAT gear," arrived in front of the house where he and his unnamed girlfriend were located in order to arrest them. Dkt. 1 at 2. Plaintiff claims that the officers ordered him to "exit the house, crawling on hands and knees, and then prone out flat on the ground laying on [his] stomach, at which point [he] watched the entire group approach and surround [him]." *Id.* at 3. Plaintiff then claims that he was handcuffed behind his back, and "after [the cuffs] were secure, one of the officers "said 'stop resisting' . . . and then they began to punch, hick and hit [him] with th[ei]r rifle

3

butts, all over [his] head and body, even smashing [his] head against the ground." *Id.*

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted).

At this time, the court finds that Plaintiff's pleading lacks specific facts as to each named Defendant's involvement in the alleged constitutional violations stemming from his May 23, 2020 arrest, with the exception of Defendant Camarillo (SJPD Badge #3561). *Id.* at 2-4. Plaintiff claims that Defendant Camarillo was one of the aforementioned officers who punched, kicked, and hit him with their rifle butts. *Id.* at 3. Plaintiff specifically states that Defendant Camarillo "had his knee on [Plaintiff's] neck, grabbed [his] nose and yanked it hard upward, saying into [his] ear 'Tell me when it breaks.'" *Id.* Based on these facts, Plaintiff has stated a cognizable claim against Defendant Camarillo for excessive force in violation of the Fourth Amendment. Plaintiff also claims he asked Defendant Camarillo for medical assistance after the beating, but Defendant Camarillo ignored him. *Id.* at 4. Plaintiff states that he suffered from "permanent injury in the loss of hearing in both ears, and for pain and suffering, and the emotional scars this event caused." Dkt. 1 at 6. Plaintiff's allegations against Defendant Camarillo state a claim for deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs presents a cognizable claim for violation of the Eighth Amendment). In sum, Plaintiff has adequately pled cognizable claims against Defendant Camarillo for the use of excessive force and deliberate indifference to his medical needs.

However, Plaintiff has failed to allege specific facts regarding any of the other fourteen officers to link them to the excessive force claim. *See id* at 1-4. Plaintiff refers to these other named Defendants as part of an "entire group," stating as follows: "All of the officers that I saw when I exited the house, who had approached and surrounded me, were all attacking me, the entire

group, each and every one of them." *Id.* at 3. Plaintiff stresses that he "did not see any of them not attacking, not even one, nor did [he] see any of the separate themselves from the group or try to stop the others from attacking." *Id.* It seems that Plaintiff admits to naming the other fourteen officers because they were "identified on Exhibit A, Page 1 by Sgt. Vizzusi as being part of the arrest team, and as participating in the arrest." *Id.* at 4, 8. Furthermore, another inmate, Jeffrey McCreary, who was formerly housed with Plaintiff, has submitted a declaration indicating that he had helped Plaintiff draft the complaint. Dkt. 9 at 1 (McCreary Decl.). When inmate McCreary asked plaintiff "how, if he was faced down during the assault, he could have seen each one of the officers and sergeants beating him and hitting him with rifle butts and he told me he couldn't and he just guessed who it was." *Id.* This evidence further demonstrates that Plaintiff's allegations in the complaint are far from being specific enough to link the other fourteen officers to the excessive force claim.

The court cannot find that he states a cognizable claim against any of the other fourteen named Defendants without more information. Leave to amend is granted so that Plaintiff may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face as to any of the other named Defendants. He should not refer to them as a group (e.g., "they" or "the defendants"); rather, he should identify each involved defendant by name and link each of them to his excessive force claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634. Plaintiff is cautioned that he must provide a full statement of his claims in his amended complaint. The court will not read through exhibits attached to his amended complaint in order to piece together a claim for a plaintiff.

### 2. Exhaustion of Administrative Remedies

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

5

exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's failure to exhaust is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if the record shows that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, some of the claims raised in Plaintiff's complaint do not appear to have been exhausted through the proper grievance procedures. *See* Dkt. 1 at 1-2, 11-12. When asked on the complaint form if Plaintiff "present[ed] the facts of [his] complaint for review though the grievance procedure," he marks the box for "NO." *Id.* at 1. Plaintiff states as follows: "Both the CDCR and the Santa Clara Sheriff['s] [Office] told me they had no jurisdiction over the SJPD, and that SJPD's only available method is a complaint to [the Internal Affair's Unit], which I did. *See* Exhibit B1" *Id.* at 2. Plaintiff's "Exhibit B1" attached to his complaint indicates that he filed a complaint "with the Santa Clara County Sherriff's Office on May 25, 2021," and that it was "forwarded to the [SJPD's] Internal Affair's Unit for review." *Id.* at 11. The only documentation that may be related to Plaintiff's "complaint" is a brief correspondence written by Sgt. A. Weger from the SJPD Internal Affair's Unit, stating that he was "forwarded an email that [Plaintiff] was requesting a case number for a May 20, 2020 arrest," and that "[t]he associated case number is

6

SJPD 20-143-0678." *Id.* at 12. A complaint with a police department's internal affairs unit about an arrest could be the first step towards the exhaustion of administrative remedies for Plaintiff, but he has not presented any other evidence showing that this claim was exhausted. *See id.* Because Plaintiff did not attach any of his grievance/complaint forms, the court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, because some of Plaintiff's claims may not be exhausted, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each Defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### 3. *Heck* Bar

Some of Plaintiff's allegations in his complaint call into question whether he has been convicted of a crime connected to the arrest at issue in his case. Plaintiff may not assert any section 1983 claim that challenges the validity of his conviction as long as the conviction remains in place. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render the conviction or sentence invalid, unless that conviction or sentence was already determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that—even if it does not directly challenge the conviction or sentence—would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the section 1983 action

would "necessarily demonstrate the invalidity of confinement or its duration," the section 1983 action is barred no matter the relief sought (i.e., damages or equitable relief), again, unless the conviction has already been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In light of the *Heck* problem mentioned above, as well as the rule that a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive federal avenue to challenge the fact or duration of one's confinement, it is particularly important that the scope of the requested relief be understood so that these rules are not undermined.

Here, Plaintiff has not explained whether he sustained any conviction related to this incident, either for the crime for which the police came to arrest him that day, or for resisting the arrest. Plaintiff's claim of excessive force would be barred if it would undermine a conviction. Dkt. 1 at 3. Because Plaintiff cannot challenge a conviction in this civil case or imply the conviction is invalid, the complaint is DISMISSED with leave to amend showing that the civil rights action here would not challenge or invalidate any prior conviction. *See Heck*, 512 U.S. at 477.

### III.  CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** amended complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

       i. Set forth **each claim** in a separate numbered paragraph;

       ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

       iii. Identify the injury resulting **from each claim**;

   b. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions;

8

    c.  Explains how Plaintiff has exhausted his administrative remedies **as to each claim** against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute; and

    d.  Explains if success in the section 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," because, as explained above, the section 1983 action is barred no matter the relief sought (i.e., damages or equitable relief), **unless the conviction has already been set aside**.

  2.  Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 23-cv-01014-DMR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it *all* the claims he wishes to present, including his claims against Defendant Camarillo for the use of excessive force and deliberate indifference to serious medical needs. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Plaintiff may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. Plaintiff shall also include information as to whether he has been convicted of the charges for which he was arrested or whether any such conviction has been subsequently invalidated. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice for failure to prosecute.**

  3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail

1  directed to the *pro se* party by the court has been returned to the court as not deliverable, and
2  (2) the court fails to receive within sixty days of this return a written communication from the *pro*
3  *se* party indicating a current address.  See L.R. 3-11(b).
4      4.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along
5  with his copy of this Order.
6      IT IS SO ORDERED.
7  Dated: August 16, 2023

DONNA M. RYU
Chief Magistrate Judge