1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    CEASER REYES,                             Case No. 23-cv-01014-JSW

8                  Plaintiff,                  **ORDER VACATING ORDER OF**
                                               **DISMISSAL WITH LEAVE TO**
9          v.                                  **AMEND; VACATING AMENDED**
                                               **COMPLAINT; DENYING MOTION**
10   CAMARILLO,                                **FOR APPOINTMENT OF COUNSEL;**
                                               **OF SERVICE**
11                 Defendant.
                                               Re: Dkt. No. 21
12

13                               **INTRODUCTION**

14         Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42

15   U.S.C. § 1983 against 15 officers of the San Jose Police Department ("SJPD") for using excessive

16   force during his arrest.  (ECF No. 1.)  The case was assigned to a United States Magistrate Judge.

17   Following initial review under 28 U.S.C. § 1915A, the case was dismissed with leave to file an

18   amended complaint.  (ECF No. 9.)  The case was then reassigned to the undersigned District

19   Judge.[1]  Plaintiff subsequently filed an amended complaint.  (ECF No. 19.)

20         The Court has reconsidered the order of dismissal with leave to amend, and for the reasons

21   discussed below, it is VACATED.  The amended complaint, which was filed in response to that

22   order, is accordingly VACATED.[2]  The operative complaint is the original complaint.  (ECF No.

23

24   [1] The reassignment was pursuant to *Williams v. King*, 875 F.3d 500, 501, 504 (9th Cir. 2017)
     (magistrate judge lacked jurisdiction to dismiss where unserved defendants had not consented to
25   proceed before magistrate judge).  Per the order of dismissal with leave to amend, the amended
     complaint was due on September 13, 2023; it was filed on September 21, 2023.  (ECF Nos. 17,
26   19.)
     [2] If, notwithstanding this order, Plaintiff still wishes to proceed with the amended complaint (ECF
27   No. 19) rather than the original complaint (ECF No. 1), or if he wishes to file a different amended
     complaint, he must file a motion for leave to amend.  Such a motion must include a proposed
28   amended complaint as an exhibit or, if applicable, the motion may indicate that Plaintiff wishes to
     proceed with the amended complaint he filed recently (ECF No. 19).  Plaintiff is cautioned that

United States District Court
Northern District of California

1   1).  Defendants are ordered served, below.

2                                              **DISCUSSION**

3       **A.  Standard of Review**

4           Federal courts must engage in a preliminary screening of cases in which prisoners seek

5   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

7   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

8   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

9   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

10  Cir. 1990).

11          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

12  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

13  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

14  which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

15  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

16  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

17  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

18  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*

19  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

20  must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

21          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

22  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

23  alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

24  487 U.S. 42, 48 (1988).

25  //

26

27  _____

28  any amended complaint completely replaces the original complaint and its attachments, and the
amended complaint may not incorporate any portions of the original complaint or its attachments
by reference.

*United States District Court*
*Northern District of California*

**B. Analysis**

Plaintiff alleges in the original complaint, which is verified, that on May 23, 2020, Defendants "arrived in front of the house I was in," dressed in "tactical SWAT gear" to arrest him. (ECF No. 1 at 2.)  Plaintiff alleges he followed orders to "crawl[]" out of the house, lay "prone" on his stomach, and "was completely compliant" as he was being handcuffed.  (*Id.* at 3.) Nevertheless, "one of the officers said, 'Stop resisting.'"  (*Id.*)  Then, "they began to punch, kick and hit me with thier [sic] rifle butts, all over my head and body, even smashing my head against the ground."  *Id.*  He alleges "each and every one" of the "officers I saw when I left the house" (which the Court construes to mean all of the Defendants) "were all attacking me."  (*Id.*)  He further alleges, "I did not see any of them not attacking, not even one, nor did I see any of them separate themselves from the group, or try to stop the others from attacking."  (*Id.*)  Plaintiff alleges Defendant Sergeant Camarillo "had his knee on my neck, grabbed my nose and yanked it hard upward, saying into my ear, 'Tell me when it breaks.'"  (*Id.*)  Camarillo then ignored his requests for medical help.  (*Id.* at 3-4.)  Plaintiff alleges he "lost more than 50% of his hearing in both ears from the beating" and requires two hearing aids.  (*Id.*)

The order of dismissal with leave to amend concluded these allegations stated cognizable claims for relief against Camarillo for using excessive force during the course of his arrest under the Fourth Amendment and for being deliberately indifferent to his medical needs.[3]  (ECF No. 17 at 4.)  However, the order also concluded Plaintiff did not sufficiently allege specific facts about the other fourteen Defendants to link them to the excessive force claim.  (*Id.*)  This Court concludes, however, Plaintiff's allegations that "each and every one" of the officers who were present "were all attacking me," and that he did not "see any of them not attacking me, . . . separate themselves, . . . or try to stop the others," when liberally construed, sufficient to allege that each of the Defendants violated his constitutional rights either by participating directly in the

---

[3] The order of dismissal with leave to amend stated the medical claim was cognizable as a violation of Plaintiff's Eighth Amendment rights (ECF No. 17 at 4), but as Plaintiff was not yet a prisoner, the claim that Camarillo ignored his request for medical care is cognizable as a claim for the violation of Plaintiff's Fourteenth Amendment rights as a pretrial detainee, *see Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), or for violating his Fourth Amendments rights.  Defendants shall address this issue in any dispositive motion they file.

United States District Court
Northern District of California

1    beating or by failing to intervene to stop it.[4]  *See Cunningham v. Gates*, 229 F.3d 1271, 1289-90

2    (9th Cir. 2000) (police officers may be held liable for violating the Fourth Amendment if they

3    have an opportunity to intercede when their fellow officers use excessive force but fail to do so).

4    At this stage of the case, Plaintiff has adequately pled in his original complaint all Defendants

5    used excessive force in violation of his Fourth Amendment rights.  He may use discovery to

6    determine the specific role each Defendant played in such a violation.  Each of the Defendants

7    will, of course, have the opportunity to present evidence that they played no role in violating

8    Plaintiff's rights.

9          The Court further notes the order of dismissal with leave to amend required Plaintiff to

10   "prove" exhaustion in his amended complaint.  Failure to exhaust under the Prison Litigation

11   Reform Act, 42 U.S.C. § 1997e(a) (PLRA), is "an affirmative defense the *defendant* must plead

12   and prove."  *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007) (emphasis added).  Prisoners are not

13   required to specifically plead or demonstrate exhaustion in their complaints.  *Id.* at 215-17.  In the

14   "rare event" that a failure to exhaust is clear on the face of the complaint, the claim may be

15   dismissed for failure to state a cognizable claim for relief.  *See Albino v. Baca*, 747 F.3d 1162,

16   1166 (9th Cir. 2014) (en banc) (defendant may move for dismissal under Rule 12(b)(6)).  Plaintiff

17   indicates he did not pursue administrative remedies through his state prison's grievance procedure

18   (ECF No. 1 at 2-3), which makes sense because he is not complaining about anything that

19   occurred while he was in prison.  He explains the CDCR and Santa Clara County Sheriff informed

20   him they did not have "jurisdiction" over the SJPD, and Plaintiff indicates the proper remedy is a

21   "complaint to the IA," which he did.  (*Id.*)  Based on these allegations, this is not the rare case

22   where lack of exhaustion is clear from the face of the complaint, and Plaintiff is not required to

23   amend the complaint to avoid dismissal on exhaustion grounds.

24         The order of dismissal with leave to amend also indicated Plaintiff did not adequately

25   plead his claims are not barred under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  More

26

27   _____

[4] The declaration of another inmate (ECF No. 9) filed approximately two months after the
28   complaint is not part of the Court's review of the pleadings under 28 U.S.C. § 1915A, but in any
     event it does not establish that the allegations in the complaint are insufficient.

4

United States District Court
Northern District of California

1    importantly, the Court is aware of no requirement that a plaintiff must affirmatively plead facts to

2    show this bar does not apply to his claims.[5]  Accordingly, this is not a basis for finding the

3    complaint does not state a cognizable claim for excessive force.

4         Accordingly, the Court will vacate the order of dismissal with leave to amend.  The

5    complaint, when liberally construed, states a cognizable claim against all Defendants for using

6    excessive force under the Fourth Amendment, and a second cognizable claim against Defendant

7    Camarillo for failing to provide him medical care.

8                                   **CONCLUSION**

9         For the reasons set forth above,

10        1.  The order of dismissal with leave to amend and the amended complaint are VACATED.

11   The motion for appointment of counsel is DENIED at this time because Plaintiff is capable of

12   adequately presenting his claims.  If the interests of justice require representation for Plaintiff at a

13   later stage of this case, the Court will appoint counsel if an attorney is located who is willing to

14   represent him.

15        2.  The Clerk shall issue a summons and the United States Marshal shall serve, without

16   prepayment of fees, the summons, a copy of the complaint with attachments (ECF No. 1), and a

17   copy of this order on **Sergeant Camarillo (Badge # 3561), Sergeant Vizzusi (Badge # 3714),**

18   **Sergeant Tassio (Badge # 3872), Officer Minten (Badge # 4269), Officer Jize (Badge # 4234),**

19   **Officer Avila (Badge # 4407), Officer Simonini (Badge # 4458), Officer Weidner (Badge #**

20   **4258), Officer Marshall (Badge # 4374), Officer Rodriguez (Badge # 4185), Officer Pfeifer**

21   **(Badge # 3951), Officer Moran (Badge # 4248), Officer Chavez (Badge # 4116), Officer**

22   **Preuss (Badge # 4423), Officer Khoo** at the **San Jose Police Department.**.

23        The Clerk shall also mail a courtesy copy of the first amended complaint with all

24   attachments and a copy of this order to the San Jose City Attorney's Office.

25        3.  Defendants shall file an answer in accordance with the Federal Rules of Civil

26   Procedure.

27   _____

28   [5] It is noted, in any event, Plaintiff has recently indicated he was not convicted of resisting arrest
     or any other charges arising out of the incidents that occurred on May 23, 2020.  (ECF No. 20.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendant shall file a reply brief no later than **14** days after the opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

//

//

1        7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

2 informed of any change of address by filing a separate paper with the clerk headed "Notice of

3 Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

4 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

5 Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a

6 showing of good cause if the request is filed prior to the deadline.

7       The Clerk shall reinstate the Defendants terminated on September 21, 2023.

8       **IT IS SO ORDERED.**

9 Dated: October 4, 2023

10

11                           JEFFREY S. WHITE
                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.